Article I of the Constitution, and of which it became a part upon its adoption.

The commission to be appointed by the superintendent of public works is neither a court within the meaning of the Constitution, nor is the prosecution of a claim before such commission in the nature of a suit in a court of justice. This act did not, therefore, make operative said amendment to the Constitution nor carry it into effect, and while it may be the only remedy now open to the plaintiffs, it is not exclusive in the sense that it is the remedy secured by said constitutional amendment.

Motion sustained.

---

### FAILURE TO RECOVER FOR STREET LIGHTING.

Common Pleas Court of Hamilton County.

THE UNION GAS & ELECTRIC COMPANY v. CITY OF CINCINNATI.

Decided, June, 1916.

*Municipal Corporations—Action for Gas Furnished to a Village Prior to Annexation—Claim Fails Because of Failure to Show an Agreement to Pay for the Service.*

The contract for lighting the streets of the village of Hartwell having expired prior to the rendition of the service for which judgment is asked, and the claim resting on *quantum meruit only*, no recovery can be had for the service rendered.

*J. W. Heintzman*, for plaintiff.
*Constant Southworth*, Assistant City Solicitor, contra.

GEOGHEGAN, J.

By consent of counsel this matter was submitted to the court without the intervention of a jury.

The cause of action set forth in the petition is one to recover the sum of $790.64 on an account for gas furnished to the village of Hartwell for street illuminating purposes and the re-location of one of the lamps in said village.

The only evidence offered in support of this claim is the record of the annexation proceedings whereby the village of Hartwell

was annexed to the city of Cincinnati, and in which the city of Cincinnati assumed to pay all and singular the legal and valid obligations and liabilities of said village of Hartwell. No evidence is offered of any contract between the village of Hartwell and the plaintiff for the furnishing of this service, nor any ordinance of the village of Hartwell authorizing any one to contract for these services and to pay for them. In fact, it is conceded by counsel for plaintiff that the contract for illuminating the streets of the village of Hartwell had expired prior to the rendition of these services.

Therefore, from all the evidence before the court, it is clear that the recovery sought for can not be had for the reason that a municipal corporation is not liable on a *quantum meruit* for services rendered, and that in order that a recovery may be had for such services it must be shown that they were rendered under and by virtue of a contract, agreement, obligation or appropriation made and entered into according to statute. *City of Wellston* v. *Morgan,* 65 Ohio St., 219; *McCormick* v. *City of Niles,* 81 Ohio St., 246; *Village of Pleasant Ridge* v. *Dayton Limestone Company,* 17 C.C.(N.S.), 498.

Judgment will be entered for the defendant.